# No. 5936.

## J. H. FISHER *v.* J. A. ABNEY.

1. PROMISSORY NOTE—PRESUMPTION.—In a suit to foreclose a lien reserved in a note for unpaid purchase money, which note was one of several given to secure deferred payments, it will be presumed that the other notes were satisfied, when it appears that they were due before the filing of the petition.

2. OUTSTANDING TITLE—PARTIES.—While a defendant who is sued upon a note given for unpaid purchase money for land may successfully defend by showing an outstanding title superior to that of his vendor, the owner of the outstanding title is not a necessary party, and should not be compelled to litigate his title in a suit involving issues which can not affect him.

APPEAL from Hill. Tried below before the Hon. J. M. Hall.

Five purchase money notes were given by J. B. Landers, to secure deferred payments on land sold by B. F. Vinson. The appellee sued on one of the notes as endorsee, making Landor the maker, one O'Connor an endorser, and the appellant Fisher the occupant and subsequent purchaser of the land, defendants. It is not necessary to detail the character of the pleading. On the motion for new trial it was urged that the holders of the other notes likewise securing liens on the land should have been made parties, so as to have adjusted in one suit the equities of those secured by liens. Other features of the case are apparent from the opinion.

*Jo. Abbott,* for appellant: That the holders of the outstanding title had the superior title and were necessary parties, he

cited Estell v. Cole, 62 Texas, 695-701; Norris v. Ennis, 60 Texas, 83-85; White's Land Law in California, Oregon and Texas, top pages 114-117, especially marginal page 121; Schmidt's Laws of Spain and Mexico, 265, arts. 1237, 1238, 1239, 1240, Partidas 6, Tit. 13, Law 5, pages 1000, 1001; 13 Texas, 165.

That the court erred in rendering judgment for appellee and foreclosing his lien on the land for which the note was given, for the reason that it appears from the deed from B. F. Vinson to J. B. Landers, read in evidence by appellee that there were two other notes given by said Landers which fell due on dates later than the note sued on, and therefore presumably unpaid, and the holders of said notes (which were also liens on the land), were not parties to the suit, and no reason for not making them parties is given.

That the holders of the unpaid purchase money notes were necessary parties, he cited Delespine v. Campbell, 45 Texas, 632; Cannon v. McDaniel, 46 Texas, 314.

*S. C. Upshaw* and *Thos. Ivy,* for appellee.

COLLARD, JUDGE.    1.    We do not find that there was any error in refusing a new trial on the ground that the evidence disclosed the fact that two other notes had been given with a lien on the land to mature subsequent to the maturity of the note sued on. It did not appear who were the owners of the other two notes, whether they were in the hands of Vinson, the vendor and original payee or some other person, nor did it appear that they were unpaid.    They were both due before the filing of the suit one January 1, 1884, and the other January 1, 1885, the suit having been filed January 20, 1885.    They would not be presumed to be unpaid after maturity.

2.    Did the court err in refusing to make B. C. Miller and T. R. Miller parties to the suit?    Defendant Fisher (the appellant) asked to have them made parties to the suit and to assert their title to the land as against Vinson and against the title acquired by him from Conner and wife, or to disclaim all interest in the land.    Fisher attempted to set up a superior outstanding title in the heirs (brothers of the whole blood, and their descendants) of Orlando Wheeler, to whose heirs the league and labor were granted, of which the two hundred acres sold by Vinson were a part, stating that at the time of the death of Orlando, in March, 1836, the brothers of the whole blood inher-

ited the decedent's estate to the exclusion of brothers and sisters of the half blood. The averments of the answer are very indefinite as to the outstanding title. They are, "That much of the league and labor, including a part of the two hundred acres (upon which the lien is sought to be foreclosed), was originally conveyed or pretended to be conveyed by relations of the half blood who had no right to convey," but it is not averred that the Conner title, or the title conveyed by Vinson, is derived from the relations of the half blood, nor is it alleged that the Conner title is not dereigned from the heirs of the whole blood, except as it may be inferred from the allegation that the heirs of the whole blood have brought suit for another tract of land in another county, "on the ground stated," and that "they are *claiming* the whole of the league and labor," which includes the two hundred acres, and that C. B. Miller, a descendant of one of the brothers of the whole blood, is (as defendant is informed and believes) preparing to file suit for the league and labor.

But admitting that the answer does contain allegations sufficient to show a superior outstanding title in the other claimants of the land, can Fisher complain that they were not made parties to this suit to enforce the lien of the vendor, holding under the defective title? We think he can not. If there were defects in the title he bought, and his vendor was insolvent, and the warrantors of his title who could be made to vouch the same were insolvent, and if he had shown that he was liable to eviction, such facts properly pleaded would have constituted a valid defense against the enforcement of the lien without the necessity of making the holders of the outstanding title parties to the suit. He could have pleaded the very title he said was outstanding and defeated a recovery of the lien, unless the holder of the note could be shown to have superior equities in consequence of his purchase of the same before its maturity without notice. He could have made the oustanding title just as available for his defense from his position in the case, as he could if the heirs of Orlando Wheeler had been made parties.

We do not understand that the holders of the outstanding title can be made to litigate their title, where they are in no way connected with the transaction, owe no duty to either party, are not in possession, can not be affected by the judgment, and the vendor has no rights against them legal or equitable by which they could be held to make his title good in

whole or in part, and when the vendee can use the title to defeat the action. At all events, in an action like the present we can see no reason why the alleged owners of the superior title should be made parties and compelled to litigate their title in a controversy in which they have no concern. (Whitmore v. Willis, 51 Texas, 424.) When the defendant can use the alleged outstanding title as effectually in his own defense as it could be used for him by the owners of it, there can be no reason for making them parties for that purpose, there being no equities between them and the vendor or vendee. Fisher was not injured by the refusal of the court to bring in the alleged owners of the title. His answer was allowed to stand in the case for what it was worth; if it set up a superior outstanding title that could be made available under his prayer for general relief he could have proved the fact set up.

It is doubtful whether he intended the plea for such purpose, as the specific prayer is that the holders of the outstanding title be made parties and the proceedings be enjoined until the rights of property could be adjudicated, there being only besides this a prayer for general relief. If the plea was good for this purpose he should have made the proof, if it existed; if not good and the facts were relied on as a defense he should have made it good. There was no proof offered on the trial to support the allegations of the outstanding title, and if the plea was sufficient to warrant the introduction of evidence of the failure to produce it would warrant the court in rendering the judgment that was rendered. So the other errors complained of, that the court incorrectly found as a conclusion of fact that Landers was solvent, and the supposed error in the conclusion of law depending upon Landers's solvency, would be immateral. We have not found any reversible error in the judgment of the court and it is affirmed.

*Affirmed.*

Opinion adopted December 2, 1887.